1   MICHAEL BAILEY
    United States Attorney
2   District of Arizona

3   DAVID A. PIMSNER
    Assistant U.S. Attorney
4   Arizona State Bar No. 007480
    E-mail: david.pimsner@usdoj.gov
5   Two Renaissance Square
    40 North Central Avenue, Suite 1800
6   Phoenix, Arizona  85004-4408
    Telephone: (602) 514-7500
7   Attorneys for Plaintiff

8                IN THE UNITED STATES DISTRICT COURT

9                   FOR THE DISTRICT OF ARIZONA

10
    United States of America,                    20-mj-4089-CDB
11
                     Plaintiff,        **GOVERNMENT'S NOTICE OF**
12                                     **AUTOMATIC EXTENSION OF**
          vs.                          **SPEEDY TRIAL CLOCK PURSUANT**
13                                     **TO 18 U.S.C. § 3161(b)**

14  Loren Reed,

15                   Defendant.

16        The defendant was arrested on June 2, 2020, and the government initiated this felony

17  case via complaint. Although 18 U.S.C. § 3161(b) requires that an indictment issue within

18  30 days from a defendant's arrest or the service of a summons, D. Ariz. General Orders

19  20-12 (issued March 16, 2020), 20-20 (issued April 16, 2020), 20-26 (issued May 28,

20  2020), and 20-27 (issued June 17, 2020) have suspended grand jury proceedings from

21  March 16, 2020 until further order of the court. These General Orders were issued to

22  address the same public health concerns related to COVID-19 described in General Orders

23  20-10 and 20-13, which have been superseded by General Order 20-15 (issued March 20,

24  2020) and extended by General Order 20-17 (issued March 27, 2020), General Order 20-

25  20 (issued April 16, 2020), and General Order 20-26, all of which recognize continued

26  COVID-19 health concerns.  Based on the General Orders and the grand jury's normal

27  schedule, the grand jury will not be in session in the District of Arizona during the 30 days

28  following the defendant's arrest.

The Speedy Trial Act automatically provides for an additional 30 days in which to seek an indictment "when no grand jury has been in session during [the] thirty-day period" following a defendant's arrest.  18 U.S.C. § 3161(b).  No government motion is required. *See United States v. Mann*, 701 F.3d 274, 284–85 (8th Cir. 2012) ("The plain language of section 3161(b) is unambiguous: where a grand-jury is not in session during the thirty-day period, 'the period of time for filing of the indictment shall be extended an additional thirty days.' 18 U.S.C. § 3161(b). Pursuant to the language of the statute, the extension of time is automatic; no Government motion is required.")  In General Orders 20-12, 20-20, and 20-27, this Court also stated: "Pursuant to 18 U.S.C. § 3161(b), if any individual is charged in this district with a felony during this period when the grand jury is not in session, the period of time for presenting the case to the grand jury shall be extended an additional thirty days from the indictment deadline."

Because no grand jury will be in session in the District of Arizona during the 30 days immediately following the defendant's arrest due to the previously identified General Orders, the government hereby gives notice that the indictment deadline is automatically extended for 30 days pursuant to 18 U.S.C. § 3161(b).

Respectfully submitted this 26th day of June, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ David A. Pimsner*
DAVID A. PIMSNER
Assistant United States Attorney

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on the 26th, I electronically transmitted the attached document

3  to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF

4  registrants:

5

6  Luke Mulligan

7

8  *s/ Norma Hernandez*
    U.S. Attorney's Office

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28