JON M. SANDS
Federal Public Defender
District of Arizona
123 N. San Francisco Street, Suite 204
Flagstaff, AZ 86001
Telephone: (928) 213-1942
Fax: (928) 213-1946

Luke S. Mulligan, State Bar # 018523
Asst. Federal Public Defender
Attorney for Defendant
Luke_Mulligan@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. 20-4089MJ-001-PCT-CDB |
|---|---|
| Plaintiff, | **SECOND MOTION TO REOPEN DETENTION HEARING** |
| vs. | |
| Loren Reed, | |
| Defendant. | |

Defendant moves to reopen the detention hearing because information which was not available to the defendant at the time of the original detention hearing has come to light. Specifically, the defendant's adopted mother, Veronica Klain is now willing to have Mr. Reed reside with her and to be third party custodian. This information was not known to the defendant at the time of the original detention hearing because Ms. Klain was not willing to have Mr. Reed reside with her, or be third party custodian at that time.

The Bail Reform Act provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to

the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(f).

In this case, this information was not known to the defense at the time of the detention hearing because it was not true at the time of the detention hearing; Ms. Klain was not willing to have Mr. Reed live with her, nor was she willing to be his third party custodian. Further, this information clearly has a material bearing on the issue of whether there are conditions of release that will reasonably assure Mr. Reed's appearance and the safety of the community. The Bail Reform Act specifically instructs the court to consider a person's family and community ties. Ms. Klain can provide a stable home with a positive environment for Mr. Reed. (*See* July 31, 2029 Email from Veronica Klain attached as Exhibit A.) Ms. Klain has maternal authority over Loren. Ms. Klain is Loren's biological aunt, but she raised Loren and he considers her to be his mother. Ms. Klain is an educated and accomplished professional. She is employed as a school administrator by the United State Bureau of Indian Education. She can provide a clean and sober household. She is also willing to provide third-party supervision of Mr. Reed. This information is clearly material to the issue of pretrial release. The availability of a stable, safe, and sober residence as well as third-party custodian who is an upstanding community member clearly reduces any risk of flight or danger.

The Bail Reform Act and federal case law favors release. "Only in rare circumstances should release be denied." *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.

1985)(*citing Sellers v. U.S.*, 89 S.Ct. 36, 38 (1968)). The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person." 18 U.S.C. § 3142(c)(1) & *Motamedi* at 1405. "The Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *Motamedi* at 1405.

In this case, Mr. Reed declined to participate in the Pretrial Services interview because he did not have a stable residence available to him at the time. Now he does and he would like to participate in a Pretrial Services interview so that the court can make an informed decision on the issue of pretrial detention.

In the time of Covid-19, the issue of pretrial detention is of greater importance than usual because the defendant's right to indictment and speedy trial have been indefinitely suspended. No federal grand juries are meeting and no jury trials are being held in Arizona. Further, incarcerated defendants are subject to significantly greater health risk.

Information now exists that was not known to the defendant at the time of the initial detention hearing. That information is material to the issue of pretrial release. When a defendant presents new information that was not known to him at the time of the original detention hearing, and that information is material to the issue of pretrial release, he is entitled to reopen the detention hearing. *See* 18 U.S.C. 18 U.S.C. 3142(f), *Motamedi, U.S. v. Ward,* 63 F. Supp. 1203, 1207 (U.S. Dist. Ct., C.D. Cal. S. Div. 1999).

Therefore, the defendant requests that the court reopen the detention hearing in this matter and order Pretrial Services to interview the defendant and prepare an updated Pretrial Services Report.

AUSA David Pimsner was contacted regarding this motion and stated that he would file a written response.

Respectfully submitted: August 4, 2020.

JON M. SANDS
Federal Public Defender

 *s/ Luke S. Mulligan*
Luke S. Mulligan
Asst. Federal Public Defender

Copy of the foregoing transmitted
by CM/ECF for filing and served
on August 4, 2020, to:

Honorable Camille D. Bibles
United States Magistrate Court
123 N. San Francisco Street, Suite 200
Flagstaff, AZ 86001

David A. Pimsner & Todd Allison
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, AZ 85004

Loren Reed, Defendant

 *s/ A.R.*