MICHAEL BAILEY
United States Attorney
District of Arizona
DAVID A. PIMSNER
Assistant U.S. Attorney
Arizona Bar No. 007480
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: david.pimsner@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. 20 MJ 4089-CBD |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** |
| v. | |
| Loren Reed, | |
| Defendant. | |

United States of America, by and through counsel undersigned, hereby responds to the defendant's motion to reopen the detention hearing. Counsel for the defendant requests that the detention hearing be reopened as a result of the availability of a third party custodian who was not available to act as a custodian at the time of the original detention hearing. While the government agrees that in some circumstances a new third party custodian may constitute a change in circumstance to support the reopening of the detention hearing, under the current facts a third party custodian is not material to the issue of release as it relates to the safety of the community.

I. Facts

On or between May 30, 2020 and June 2, 2020, in the District of Arizona, the defendant, primarily through a private Facebook chat group with numerous other individuals, threatened to burn down the Page Magistrate Court by use of fire. During online postings, the defendant discussed using gasoline and throwing Molotov cocktails containing rubbing alcohol. The defendant incited others to join, at one point claiming up to 30 people were going to participate, and he scheduled the time for the attack to occur.

At one point, the defendant postponed the attack until the evening of June 2, 2020 in order to secure additional participants. The defendant bragged that he would accept being arrested and claimed that everyone in jail would respect him for burning down the courthouse. The private Facebook chat about the alleged attack continued on June 2, 2020 until someone posted a picture stating that the defendant had been arrested by the police the day of the scheduled attack. At the time of his arrest, the defendant was aggressive and the police had to use a Taser to secure the defendant.

II.     Procedural History

The defendant was arrested for a violation of 18 U.S.C. § 844(e) on June 2, 2020 and had his initial appearance on June 4, 2020. (Doc. 6.)  On June 3, 2020, the defendant was temporarily detained and a detention hearing set on June 7, 2020. (Doc. 8.)  The defendant declined a Pretrial Services interview and the detention hearing was conducted by way of argument and proffer.

On June 8, 2020, the defendant was ordered detained as a flight risk and danger to the community. Magistrate Judge Camille D. Bibles found that there was clear and convincing evidence that the defendant was a danger to the community "[b]ased on the nature of the alleged offense, unverified social history, unknown employment status, prior criminal history and statements in the probable cause affidavit relating to threats to destroy a state court." (Doc. 9.)  The Court further found that the "probable cause affidavit details strong evidence of the offense conduct" and that "[d]efendant's criminal history includes two convictions for Failure to Comply with court orders and a conviction for False Information to Law Enforcement. The defendant's social history is unknown and the offense indicates a lack of consideration for court orders." (Doc. 9.)

On June 30 and July 20, 2020, the defendant attempted to reopen the detention hearing have the defendant interviewed by Pretrial Services. (Docs. 11 and 12.)  The Court denied the motions because the defendant failed to establish that "information exist[ed] that was not known to the movant at the time of the hearing and that has a material bearing

on the *issue* whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." (Doc.14.)

### III. Legal Standard

The Ninth Circuit has specifically described the factors, found in 18 U.S.C. § 3142(g), that the District Court is to consider at a detention hearing: These factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

Pursuant to 18 U.S.C. § 3142(f)(2)(B), a detention hearing may only be re-opened if information exists that was not known to the movant at the time of the hearing and the information has a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community.

### IV. Argument

The government submits that the offer of a third party custodian does not have material bearing as to whether the defendant remains a danger to the community. In reviewing the facts, it is clear that over a three day period, the defendant threatened to burn down the courthouse, through the use of gasoline and alcohol-based Molotov cocktails. He incited and solicited others to join the attack. He postponed the date to gain further support and participants. The private Facebook chat showed other individuals had expressed an interest in participating in the attack. This interest only continued until the day of the scheduled event when someone posted a picture stating that the defendant had just been arrested by the police. The defendant's threats caused significant law enforcement action to thwart any potential attack and to ensure the safety of the community.

The Court previously found the defendant was a danger to the community based in part on the strong evidence that the defendant threatened to destroy a state court. A third party custodian would do little to nothing to reasonable assure that the defendant would not remain a danger to the community if he was released from custody. Accordingly, the defendant's request to reopen the detention hearing should be denied.

V.   Conclusion

Because the defendant has not provided new information that has a material bearing on the issue of whether the defendant constitutes a danger to the community, the court should deny the motion.

Respectfully submitted this 18th day of August, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

DAVID A. PIMSNER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Luke Mulligan

*DAP*
U.S. Attorney's Office